ERIK A. OLSON [8479]
EOLSON@MOHTRIAL.COM
JASON R. HULL [11202]
JHULL@MOHTRIAL.COM
**MARSHALL OLSON & HULL**
NEWHOUSE BUILDING
TEN EXCHANGE PLACE, SUITE 350
SALT LAKE CITY, UTAH 84111
TELEPHONE: 801.456.7655
FAX: 801.456.7656

ATTORNEYS FOR DEFENDANTS

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| SECURITY SYSTEMS, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALDER HOLDINGS, LLC, and ALARM PROTECTION TECHNOLOGY, LLC,<br><br>Defendants. | **DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**<br><br><br><br>Case No. 2:18-cv-00664 (CW) |

Pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and DUCivR 7-1(a), defendants Alder Holdings, LLC and Alarm Protection Technology, LLC (collectively, "Defendants") hereby move to dismiss the complaint (the "Complaint") filed by plaintiff Security Systems, Inc. ("SSI") and submit the following memorandum of points and authorities in support of their motion.

## RELIEF SOUGHT AND SPECIFIC GROUNDS FOR RELIEF

Pursuant to Rules 12(b)(6) and 9(b) Federal Rules of Civil Procedure, Defendants request that the Court enter an order dismissing the Complaint.  The First Cause of Action should be dismissed under Rule 12(b)(6) because it attempts to apply the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. Ann. § 42-LLOA *et seq.*" to alleged conduct that occurred entirely outside of Connecticut.  In these circumstances, the CUTPA does not apply to the alleged conduct because it is not tied to a form of trade or commerce intimately associated with Connecticut and Utah's choice of law provisions do not point to Connecticut law to settle this dispute.  The Sixth Cause of Action for Unjust Enrichment should be dismissed because plaintiff has failed to identify any benefit that it specifically conferred upon Defendants.  Finally, SSI's First through Fifth Causes of Action should also be dismissed under Rule 9(b) of the Federal Rules of Civil Procedure.  Given that these claims are based solely on allegations of purported deceptive and untrue statements or misrepresentations to customers, SSI must plead these claims with the particularity required by Rule 9(b), including the who, what, when, where, and how of alleged misrepresentations.  Despite this requirement, SSI had failed to identify any specific customer to whom misrepresentations were allegedly made, where these misrepresentations were made, when these misrepresentations were made, and what was said to the specific customer.  Therefore, SSI's First, Second, Third, Fourth, and Fifth Causes of Action should be dismissed pursuant to Rule 9(b).  Each of plaintiff's causes of action are faulty and the Complaint should be dismissed.

## STATEMENT OF FACTS

### *SSI's Claims Against Defendants*

1.      As the "First Cause of Action," the Complaint includes a claim for "Violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. Ann. § 42-110a *et seq.*" (the "CUTPA").  *See* Complaint at ¶¶ 26-40 (Dkt. 2).  This claim is based on the allegation that defendants "disparaged and continue to disparage SSI's goods and services by making false statements and misleading representations of fact, e.g. that SSI no longer services their residential area, that SSI had gone out of business, that SSI had assigned their account to APT, or that SSI could not adequately monitor their alarm.  *Id*. at ¶ 30.  However, SSI does not identify any particular customer, where that customer lives, or what was specifically said to the customer.  Indeed, at no place in its Complaint does SSI allege that any misrepresentation or misconduct occurred in the State of Connecticut and alleges only that SSI has lost customers in states outside of Connecticut.  *Id*. at ¶ 11 (Alabama, Arizona, Texas, Louisiana, Tennessee, Arkansas, Florida and Georgia).  And while SSI alleges that Defendants "install, service and monitor alarms in Connecticut" (Complaint at ¶ 29), it does not allege that any of Defendants' activities in the State of Connecticut give rise to SSI's claims here.

2.      As the "Second Claim for Relief," the Complaint includes a claim for "Unfair Competition—Utah Common Law".  Complaint at ¶¶ 41-46.  The substantive allegations in that claim for relief are set forth in the following paragraphs of the Complaint:

> 42.      Defendants' deceptive sales tactics aimed at SSI as alleged above were and are for the purpose of passing off, palming off, imitating or substituting Alder's alarm systems and monitoring services for those of SSI and misappropriating SSI's customers through deception and misrepresentation.

> 43.      Defendant's deceptive sales tactics aimed at SSI as alleged above caused and continue to cause confusion and induced and continue to induce SSI customers

to enter into contractual arrangements with Alder for alarm services, thinking that the alarm services were being provided by SSI.

44.     Defendants' actions towards SSI and its customers caused and continued to cause confusion or were likely to cause confusion in the minds of a substantial number of SSI customers.

Complaint at ¶¶ 42–44.

3.     As the "Third Claim for Relief," the Complaint includes a claim for "Intentional Interference with Economic Relations."  Complaint at ¶¶ 47–52.  The substantive allegations in that claim for relief are set forth in the following paragraphs of the Complaint:

49.     SSI and Class Members had contracts and continue to have contracts with customers throughout the United States.

50.     Defendants have known about these contracts, and have intended to, and using improper means, have intentionally induced SSI customers, and customers of the Class Members, to breach their contracts with SSI and the Class Members by engaging in the conduct and making the misrepresentations alleged above.

51.     As a result of the actions herein alleged, SSI and Class Members have suffered damages in an amount to be determined at trial.

Complaint at ¶¶ 49-51.

4.     As the "Fourth Claim for Relief," the Complaint includes a claim for "Injurious Falsehood."  Complaint at ¶¶ 53–59.  The substantive allegations in that claim for relief are set forth in the following paragraphs of the Complaint:

55.     The customers who heard the statements alleged herein understood the statements to be about SSI and other Class Members, and were encouraged by these statements to disassociate from SSI.

56.     The statements made by Defendants were and are false, and Defendants knew the statements to be false at the time they were made.

57.     Defendants have intended to injure SSI, and Class Members, by publishing these statements, or reasonably should have expected that the statements would injure SSI, and Class Members.

58.     As a result of APT's actions herein alleged, SSI and the Class Members have suffered actual damages in an amount including los contracts.

Complaint at ¶¶ 55–58.

5.      As the "Fifth Cause of Action," the Complaint includes a claim for "Slander."

Complaint at ¶¶ 60–65.  The substantive allegations in that claim for relief are set forth in the

following paragraphs of the Complaint:

> 62.      The customers who heard the statements alleged herein understood the statements to be about SSI and other Class Members, and were encouraged by these statements to disassociate from SSI.

> 63.      The statements made by Defendants were and are false, and Defendants knew and knows these statements were false, or at a minimum Defendants failed to use reasonable care to determine whether the statements were true or false. Regardless, Defendants' conduct was undertaken with reckless indifference to the interests and rights of SSI and the Class Members.

> 64.      As a result of APT's actions herein alleged, SSI and the Class Members have suffered damages in an amount to be determined at trial.

Complaint at ¶¶ 62–64.

4.      As the "Sixth Cause of Action," the Complaint includes a claim for "Unjust Enrichment."

Complaint at ¶¶ 66–72.  The substantive allegations in that claim for relief are set forth in the

following paragraphs of the Complaint:

> 68.      Defendants, through misleading misrepresentations and omissions, have induced customers of the Plaintiff and Class Members to cancel their contracts and enter into contracts with Defendants.

> 69.      By its wrongful acts, Defendants have been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

> 70.      Defendants have benefitted financially from the revenue and other compensation tied to the acquisition of customer accounts from plaintiff and Class Members, which was unjust in light of Defendants' wrongful conduct.

> 71.      Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefit they received as the result of its deceptive marketing and advertising practices.

> 72.      Because Defendants' retention of the non-gratuitous benefit conferred on them is unjust and inequitable, Plaintiff seeks restitution and an order from the

Court disgorging all profits, benefits and other compensation obtained by Defendants due to their wrongful conduct.

Complaint at ¶¶ 68–72.  At no place in the Complaint does SSI identify any benefit that it conferred on Defendants.

6.     The Complaint contains no allegations of any specific instance detailing the "who, what, when, and where" in which Defendants allegedly made misrepresentations to former SSI customers.  Indeed, SSI only identified general alleged statements without identifying who the customers were or even what state they were located (Complaint at ¶ 9), and that SSI has allegedly lost customers in eight different states (Complaint at ¶ 11).

7.     While the Complaint contains additional, conclusory allegations relating to alleged misrepresentations made by Defendants, *see* Complaint at ¶¶ 12, 23, 30, 32, 33, 43, 50, 56, 63, there is no detail as to when the alleged misrepresentations were made, which sales representative allegedly made such misrepresentations, what exactly was allegedly said, and/or to which specific customers such misrepresentations were allegedly made.  *See generally* Complaint.

## **ARGUMENT**

## I.     **THE COURT SHOULD DISMISS SSI'S CLAIMS AGAINST DEFENDANTS.**

The Court should dismiss each of SSI's claims because SSI has failed to state a claim upon which relief can been granted under Rules 12(b)(6) and/or 9(b).  SSI has failed to state a claim under the CUTPA because it has alleged no wrongful acts on the part of Defendants in Connecticut.  In these circumstances, the CUTPA is inapplicable.  SSI has failed to state a claim for unjust enrichment because it has failed to identify any benefit it conferred on defendants. Finally, all of SSI's claims—with the exception of the unjust enrichment claim—all sound in tort and must satisfy the heightened pleading standards of Rule 9(b).  Yet, SSI has to satisfy Rule

9(b) by identifying the who, what, when, where and how of the alleged misrepresentations on which these claims are based.  Each of SSI's claims should be dismissed.

### A.    SSI FAILS TO STATE A CLAIM FOR RELIEF UNDER THE CUTPA.

SSI's First Cause of Action should be dismissed because it has failed to state a claim for relief under the CUTPA.  The CUTPA is inapplicable here because it only applies to conduct outside of Connecticut if it is tied to a form of trade or commerce intimately associated with Connecticut or if choice of laws rules point to Connecticut.  Where there is no alleged wrongful activity in Connecticut and choice of law rules do not point to Connecticut, SSI's claim should be dismissed.

The CUTPA is inapplicable and SSI's First Cause of Action should be dismissed. Section 42-110b of the CUTPA prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of <u>any trade or commerce</u>."[1]  Section 41-110a(4) explains that "'Trade' and 'commerce' means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services an any property tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value <u>in this state</u>."[2]  "While the plain language of CUTPA is directed at unfair competition taking place 'in this state,' Conn. Gen.Stat. § 42–110a(4), courts have held that CUTPA does not require that a violation actually occur in Connecticut, if the violation 'is tied to a form of trade or commerce intimately associated with Connecticut,' or if, where Connecticut choice of law principles are applicable."[3]

---

[1] *Id.* at § 41-110b(a) (emphasis supplied).
[2] *Id.* at § 41-110b(a)(4) (emphasis supplied).
[3] *Victor G. Reiling Assocs. & Design Innovation, Inc. v. Fisher-Price, Inc.*, 406 F. Supp. 2d 175, 200 (D. Conn. 2005), opinion adhered to as modified on reconsideration, 409 F. Supp. 2d 112 (D. Conn. 2006) (citations omitted).

Neither of these alternative bases allow for the application of the CUTPA to Defendants' alleged activity outside of the State of Connecticut..

First, Defendants' alleged activity is not "tied to a form of trade or commerce intimately associated with Connecticut." In *Victor G. Reiling Associates*, the Court was faced with the question of whether the CUTPA applied to a dispute involving "misappropriation, blackballing and tortious interference" that "all took place in or from New York," where the defendant Fisher-Price was located."[4] The Court, noting that some of the products at issue were "marketed and sold in stores nationwide and on the internet, not just in Connecticut," determined that the plaintiff "failed to meet the first test governing the application of the CUTPA to allegedly unfair activity occurring outside of Connecticut."[5] Here, there is no unfair activity alleged to have occurred within the State of Connecticut. Instead, the customers SSI claims to have lost due to some yet-to-be-specifically identified misrepresentations were in Alabama, Arizona, Texas, Louisiana, Tennessee, Arkansas, Florida and Georgia.[6] The only allegations relating to Connecticut is that Defendants "install, service and monitor alarms in Connecticut and throughout the United States."[7] Where, as in *Victor G. Reiling Associates*, the wrongful activity all took place outside of Connecticut, and there were only incidental sales in the State of Connecticut, the CUTPA is inapplicable.

Second, Utah[8] choice of law rules do not allow for the application of the CUTPA. Utah has adopted "the most significant relationship approach" of Restatement (Second) Conflict of

---

[4] *Id.*

[5] *Id.*

[6] Complaint at ¶ 11.

[7] Complaint at ¶ 29.

[8] Utah choice of law rules apply because "[u]nder *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941), a court ordinarily must apply the choice-of-law rules of the State in which it sits." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 244 n. 8 (1981); *see also U.S. Aviation*

Laws § 145(a) (1971), to determine what law will apply to a tort claim.[9]   Under this section, the

Court must first "characterize the nature of the claim."[10]   While there is no question that SSI

alleges a tort under the CUTPA,[11] the CUTPA claims are akin to defamation or injurious

falsehood claims because they are based on alleged false statements to SSI's customers.

Complaint, ¶ 30.  Under the Restatement, for either a defamation or injurious falsehood claim

"[w]hen the defendant's act of communication and the resulting publication occur in the same

state, the local law of this state will usually be applied to determine most issues involving the

tort."[12]  Thus, the law of the states where the statements were allegedly made by Defendants'

representatives—Alabama, Arizona, Texas, Louisiana , Tennessee, Arkansas, Florida and

---

*Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131, 1143 (10th Cir. 2009) ("A
federal court applies the choice of law rules of the state in which the district court sits.").  The
only exception is where there has been a transfer of venue, *Piper Aircraft Co.*, 454 U.S. at 244 n.
8, which is inapplicable here.

[9] *See Waddoups v. Amalgamated Sugar Co.*, 2002 UT 69, ¶ 18, 54 P.3d 1054, 1060.

[10] *Id*. at ¶ 15.

[11] The factors used in determining the choice of law for standard torts is not helpful to
making a determination in this case because they support applying the law of Utah, Connecticut
or where the harm happened without a clear winner.  These facts are "(a) the place where the
injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil,
residence, nationality, place of incorporation and place of business of the parties, and (d) the
place where the relationship, if any, between the parties is centered." *Waddoups*, 2002 UT 69 at ¶
18 (quoting Restatement (Second) Conflict of Laws § 145(2) (1971)).  The first factor weighs in
favor of either Connecticut where SSI is or the state where the customer is located because that is
where the alleged representation occurred and where SSI's reputation would have been harmed.
The second factor weighs in favor of the state where the customer is located.  The third factor
weighs in favor of either Utah or Connecticut.  The final factor is not applicable to the
relationship between Defendants and SSI; however, the relationship with the customer is focused
on where the customer lives so this factor could weigh in favor of applying that law.  In the end,
under the general analysis applicable to tort claims, there is no clear state whose law should be
applied and therefore that analysis is not helpful to overcome the presumed rules under the more
particularized sections of the Restatement.

[12] Restatement (Second) Conflict of Laws § 151(a) (1971); *see also id.* at § 149 (noting for
Defamation "the local law of the state where the publication occurs determines the rights and
liabilities of the parties.").

Georgia—is the law that Utah would choose to apply and not Connecticut.  The CUTPA is

inapplicable based on Utah choice of law rules.

    The CUTPA is not applicable to this dispute that includes no allegations of any wrongful

act within the State of Connecticut.  There is nothing in this dispute that intimately associates it

with Connecticut and Utah's choice of law provisions would not choose to apply Connecticut

law.  Because the CUTPA is not applicable, the Court should dismiss that claim for failing to

state a claim upon which relief can be granted.

### B.    SSI INSUFFICIENTLY PLED A BENEFIT CONFERRED BY SSI TO SUPPORT ITS SIXTH CAUSE OF ACTION FOR UNJUST ENRICHMENT.

    The Court should dismiss SSI's Sixth Cause of Action because SSI has failed to state a

claim for relief for unjust enrichment.  Specifically, SSI has failed to allege that it conferred a

benefit upon defendants.  Without this necessary allegation, SSI's claim must fail.

    To state a valid claim for relief based upon unjust enrichment, a plaintiff must plead facts

that establish three separate elements:

> First, there must be a benefit conferred on one person by another.  Second,
> the conferee must appreciate or have knowledge of the benefit.  Finally,
> there must be the acceptance or retention by the conferee of the benefit
> under such circumstances as to make it inequitable for the conferee to
> retain the benefit without payment of its value.[13]

Several courts have held that a party cannot satisfy the first element of unjust enrichment if the

party did not confer a benefit on the alleged recipient.[14]  For example, in *American Towers*, the

---

[13] *Desert Miriah, Inc. v. B & L Auto, Inc.*, 2000 UT 83, ¶ 13, 12 P.3d 580 (citation omitted);
*see also Allen v. Hall*, 2006 UT 70, ¶ 26, 148 P.3d 939.

[14] *See, e.g., MediaNews Grp., Inc. v. McCarthey*, 432 F.Supp.2d 1213, 1239 (D. Utah 2006)
(holding that the defendants could not prevail on an unjust enrichment claim because the
defendants alleged that a third-party—not the defendants—conferred a benefit upon the alleged
recipient); *Am. Towers Owners Ass'n v. CCI Mech., Inc.*, 930 P.2d 1182, 1193 (Utah 1996),
overruled on other grounds by *Davencourt at Pilgrims Landing Homeowners Ass'n v.*

Court held that a condominium association did not have an unjust enrichment claim against contractors who provided services in the construction of the condominium building because the association "did not pay any of the consideration which defendants received under their contracts."[15]

Here, SSI alleges simply that customers signed new contracts with defendants and that "Defendants have benefitted financially from the revenues and other compensation tried to the acquisition of" these customers.[16]  Just like the condominium association in *American Towers*, SSI conferred no benefit because it was a third party, the customers, who would be paying Defendants, and not SSI.  Therefore, because SSI "did not pay any of the consideration which defendants received under their contracts," SSI "did not confer any benefit upon any of the defendants and therefore cannot claim that defendants have been unjustly enriched."[17]  The Court should dismiss SSI's unjust enrichment claim for failing to state a claim upon which relief can be granted.

### C.    SSI INSUFFICIENTLY PLED ITS MISREPRESENTATION ALLEGATIONS OF ITS FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION UNDER THE HEIGHTENED PLEADING STANDARD OF RULE 9(b).

Rule 9(b) of the Federal Rules of Civil Procedure applies to SSI's First, Second, Third, Fourth, and Fifth claims because those claims are based solely on alleged misrepresentations by Defendants and, therefore, sound in fraud.  Because SSI has not pled its allegations of misrepresentation with the specificity required by Rule 9(b), these claims should be dismissed.

---

*Davencourt at Pilgrims Landing, LC*, 2009 UT 65, 221 P.3d 234 ("The Association did not confer any benefit upon any of the defendants and therefore cannot claim that defendants have been unjustly enriched.").

[15] 930 P.2d at 1193.

[16] Complaint at ¶ 70.

[17] *Am. Towers Owners Ass'n*, 930 P.2d at 1193.

1. __Rule 9(b) Pleading Standard.__

Courts in the Tenth Circuit have determined that any claim that "sounds in fraud" must be pled under the particularity requirements of Rule 9(b).[18]  As held in other Federal courts, "'[b]y its terms, Rule 9(b) applies to all averments of fraud.  This wording is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action.'"[19]

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[20]  "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud [] and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[21]  SSI's First, Second, Third, Fourth, and Fifth Causes of Action sound in

---

[18] *See e.g. Warner v. Bank of Am., N.A.*, No. 11CV342, 2011 WL 6310485, at *2 (D. Colo. Dec. 15, 2011) (Rule "9(b)'s particularity requirement applies to all claims 'sounding in fraud' regardless of the specific label Plaintiffs attach to the claim.") (internal citations omitted); *Jones v. Fife*, No. 206-CV-00030 PGC, 2007 WL 518428, at *6 (D. Utah Feb. 6, 2007) (indicating that Rule 9(b) will apply to breach of fiduciary duty claim if it is "based on fraud"); *Thompson v. Jiffy Lube Int'l, Inc.*, 505 F. Supp. 2d 907, 932 (D. Kan. 2007) ("Although the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud.") (internal citations omitted); *Brooks v. Bank of Boulder*, 891 F. Supp. 1469, 1480 (D. Colo. 1995) (applying Rule 9(b) to claim under Colorado Consumer Protection Act); *Morgan v. Ebert*, No. CIV. 85-C-1295W, 1986 WL 15778, at *1 (D. Utah Mar. 13, 1986) (applying rule 9(b) to RICO claim); *see also U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (applying Rule 9(b) to claim under False Claims Act).

[19] *Matthews v. LaBarge, Inc.*, No. 09-CV-177-GKF-PJC, 2009 WL 3673087, at *1 n.2 (N.D. Okla. Nov. 2, 2009) (quoting *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004))

[20] Fed R. Civ. P. 9(b).

[21] *Sikkenga*, 472 F.3d at 726–27 (*quoting Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir.1997) and *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)); *see also Wright v. Serrano*, No. 12-CV-0439-CVE-PJC, 2013 WL 183722, at *4 (N.D. Okla. Jan. 17, 2013) (*quoting Koch*, 203 F.3d at 1202) (quoting *In re Edmonds*, 924 F.2d 176, 180 (10th Cir.1991)) (indicating that Rule 9(b) requires a complaint alleging fraud

fraud and thus the allegations made to support these claims must satisfy the heightened pleading requirements of Rule 9(b).  However, as detailed below, SSI has failed to plead the "who, what, when, and where" of the alleged fraudulent conduct.

> **2.      SSI's First Cause of Action under the CUTPA Should Be Dismissed Because It Fails to Satisfy Rule 9(b).**

The Court should dismiss SSI's First Cause of Action under the CUTPA because it fails to satisfy the requirements of Rule 9(b).  Under the standard set out above, courts in the Tenth Circuit and elsewhere have determined that "[w]here . . . alleged deceptive trade practice sounds in fraud, allegations as to fraudulent statements must be pled with particularity, as required by Fed. R. Civ. P. 9(b)."[22]  In situations such as this one, Tenth Circuit courts have found that Rule 9(b) applies to claims brought under state unfair trade practice and consumer protection acts.[23]

---

to "set forth the time, place and contents of the false representation, the identity of the party making the false statement and the consequences thereof.")).

[22] *Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212, 1216 (D. Colo. 2012) (citing *HealthONE of Denver, Inc. v. UnitedHealth Group, Inc.*, 805 F. Supp. 2d 1115, 1120–21 (D. Colo. 2011)); *see also Burton v. R.J. Reynolds Tobacco Co.*, 884 F. Supp. 1515, 1524 (D. Kan. 1995) ("This court is persuaded that allegations of deceptive trade practices under the KCPA are subject to Rule 9(b)'s requirement of particularity."); *Jackson v. Phillip Morris Inc.*, 46 F. Supp. 2d 1217, 1222 (D. Utah 1998) ("The Court, however, found it unnecessary to scrutinize such arguments finding that not only is plaintiffs' UCSPA [Utah Consumer Sales Practices Act] claim a personal injury claim, but it arises out of allegations of deception, false misrepresentations and omissions regarding the true health risk of cigarettes.  The significance of this finding is that the claim must therefore comply with the specific pleading requirements under Rule 9(b) of both the Utah Rules of Civil Procedure and the Federal Rules of Civil Procedure.  Rule 9(b) requires that allegations of fraud be pled with particularity.  Plaintiffs' allegations of deceptive trade practices under the UCSPA fall within this category of "fraud" and are thus governed by Rule 9(b)."); *NCC Sunday Inserts, Inc. v. World Color Press, Inc.*, 692 F. Supp. 327, 330 (S.D.N.Y. 1988) (applying Rule 9(b) to Connecticut Unfair Trade Practices Act).

[23] *See, e.g., Brooks*, 891 F. Supp. at 1480 (applying Rule 9(b) to claim under Colorado Consumer Protection Act); *Int'l Acad. of Bus. & Fin. Mgmt., Ltd. v. Mentz*, No. 12-CV-00463-CMA-BNB, 2013 WL 212640, at *7 (D. Colo. Jan. 18, 2013) (same); *Cavitat Med. Techs., Inc. v. Aetna, Inc.*, No. 04–CV–01849, 2006 WL 218018, at *3 (D. Colo. Jan. 27, 2006) (same)); *Gates Corp. v. Dorman Products, Inc.*, No. 09-CV-02058 CMA-KLM, 2009 WL 5126556, at *5 (D. Colo. Dec. 18, 2009) (same); *Carr v. U.S. Bank North America*, No. 11-CV-03377-RBJ, 2012 WL 5949798, at *4 (D. Colo. Nov. 28, 2012) (same); *Duran v. Clover Club Foods Co.*, 616

Indeed, federal courts in Connecticut have applied Rule 9(b) to a "CUTPA action based on fraud."[24]   Given this and given the fact that the sole, identified basis for SSI's First Cause of Action are alleged misstatements to customers[25], the Court should apply Rule 9(b) to this cause of action.

SSI has failed to satisfy the requirements of Rule 9(b).  Applying Rule 9(b) to claims under state consumer protection and similar acts, Tenth Circuit courts have dismissed such claims for such failures as only making "general references to [materials], in which [the misrepresenting party] allegedly made misrepresentations or misleading statements,"[26] failing to identify "where and when"[27] misrepresentations were made, or failing to identify "which Defendant made the alleged representation."[28]

Here, SSI's First Cause of Action under the CUTPA is insufficiently pled.  First, SSI only generally identifies that nature of the misrepresentations allegedly made by the Defendants.[29]

---

F. Supp. 790, 793 (D. Colo. 1985) ("Rule 9(b)'s requirement of particularity applies to plaintiffs' allegations of deceptive trade practices under the Colorado Consumer Protection Act."); *Wood v. World Wide Association of Specialty Programs and Schools, Inc.*, No. 2:06-CV-708 TS, 2007 WL 1295994, at *2 (D. Utah Apr. 30, 2007) (applying Rule 9(b) to claim under Utah Deceptive Practices Act);  *Mattos v. Eli Lilly & Co.*, No. 12-1014-JWL, 2012 WL 1893551, at *7 (D. Kan. May 23, 2012) (applying 9(b) to claim under Kansas Consumer Protection Act).

[24] *In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 82, 120 (D. Conn. 2014), aff'd sub nom. *Williams v. Affinion Grp., LLC*, 889 F.3d 116 (2d Cir. 2018) (dismissing CUTPA claims to the extent they were based on fraud and were not plead with particularity)

[25] Complaint at ¶¶ 30, 32-33.

[26] *Mattos*, 2012 WL 1893551 at *7.

[27] *Mentz*, 2013 WL 212640 at *7 (finding claim to be "woefully inadequate under the *Koch* standard."); *see also Carr*, 2012 WL 5949798 at *4 (dismissing claim because "allegations [did] not meet Rule 9(b)'s requirement of particularity, because they do not indicate what misinformation the defendants provided, where they provided it, when they provided it, or how they provided it."); *Thompson*, 2006 WL 8406742 at *6 (finding that a claim for fraudulent business acts were insufficient under Rule 9(b) because, among other thing, it failed to state when or where the alleged misrepresentations were made).

[28] *Wood*, 2007 WL 1295994 at *2 (dealing with Utah Deceptive Practices Act).

[29] Complaint at ¶¶ 9, 12.

Second, SSI fails to identify when the alleged misrepresentations were made.[30]  Third, SSI fails

to allege where the alleged misrepresentations took place, only suggesting that it has lost

customers in eight different states.[31]  Fourth, SSI does not identify a single customer to whom the

allegedly false statement was made or the representative who allegedly made the statement.[32]  As

a result of these pleading failures, SSI's First Cause of Action should be dismissed under Rule

9(b).

       **3.**      **SSI's Second Cause of Action for Engaging in Unfair Competition Should Be Dismissed Because It Fails to Satisfy Rule 9(b).**

       The Court should also dismiss SSI's Second Cause of Action for Utah common law

unfair competition because it fails to satisfy the requirements of Rule 9(b).  Many courts have

determined that "Rule 9(b) applies to common law unfair competition claims" that are grounded

in alleged misrepresentations.[33]  As previously recognized by this Court and the Utah Supreme

---

[30] *See generally* Complaint.

[31] Complaint at ¶ 11.

[32] *See generally* Complaint.

[33] *K&N Eng'g, Inc. v. Spectre Performance*, No. EDCV0901900VAPDTBX, 2010 WL 11468976, at *7 (C.D. Cal. Feb. 9, 2010); *see also Qwest Commc'ns Co. v. Aventure Commc'ns Tech., LLC*, 86 F. Supp. 3d 933, 1010 n.35 (S.D. Iowa 2015), *reconsideration denied*, No. 4:07-CV-00078-JEG, 2016 WL 7621350 (S.D. Iowa Sept. 2, 2016) ("[A] claim for unfair competition under Iowa law does contain a fraud element.  Although the Court primarily finds that Qwest failed to state a claim of unfair competition under Iowa law, the Court also finds that it is a reasonable extension of the Iowa court's view in *Motor Accessories Manufacturing Co.*, 149 N.W. at 186, that Qwest's unfair competition claim lacks the requisite specificity of time periods or locations and indication of who was making the various alleged representations, and therefore does not satisfy Rule 9(b), and thus is an alternative basis for dismissing Qwest's unfair competition claim."); *Control Sols, LLC v. Oshkosh Corp.*, No. 10 C 121, 2011 WL 1131329, at *2 (N.D. Ill. Mar. 28, 2011) (applying Rule 9(b) standard to common law unfair competition counterclaim that "involve[d] allegations sounding in fraud."); *Buffet Crampon S.A.S. v. Schreiber & Keilwerth, Musikinstrumente Gmbh*, No. 3:09-CV-347RM, 2009 WL 3675807, at *17 (N.D. Ind. Nov. 2, 2009) ("It appears that Buffet's complaint, at least in part, is 'grounded in fraud'—*i.e.*, that the defendants 'attempted to deceive dealers, customers, and the public at large . . .'  If Buffet intends to bring forth an unfair competition claim under Indiana law sounding in fraud, it

Court, a common law unfair competition claim under Utah law involves misrepresentations to customers:

> The Utah Supreme Court has recognized that unfair competition occurs when someone imitates through 'some device or designation the wares made and sold by another for the purpose of palming off or substituting his wares for those of another' <u>and in that way misleads 'the purchaser by inducing him to buy the wares made and sold by the first instead of those by the second.'</u>[34]

Here, the sole basis for SSI's Second Cause of Action is alleged misstatements by Defendants representatives to SSI customers.  As a result, the Court should apply Rule 9(b) to this claim.

Yet, as with the CUTPA, SSI fails to sufficiently plead the who, what, when, where, and how of the alleged misrepresentations.[35]  Accordingly, SSI's Third Cause of Action should be dismissed.

### 4. SSI's Third Cause of Action for Intentional Interference with Economic Relations Should Be Dismissed Because It Fails to Satisfy the Pleading Requirements of Rule 9(b).

The Court should likewise dismiss SSI's Third Cause of Action for tortious interference given that the claim sounds in fraud and SSI has failed to satisfy the requirements of Rule 9(b) in pleading the claim.  Courts in the Tenth Circuit and elsewhere have determined that "[i]n the context of a tortious interference claim, 'the heightened pleading standard [of Rule 9(b)] only applies to the fraudulent inducement element of the tortious interference claim.'"[36]  Indeed,

---

must amend its complaint within fifteen days form [sic] the date of this order to meet the requirements of Rule 9(b) as to such averments.").

[34] *Framed Wall Art, LLC v. PME Holdings, LLC*, No. 2:08CV781DAK, 2008 WL 5205822, *3 n.5 (D. Utah Dec. 12, 2008) (emphasis supplied) (quoting *Overstock, Inc. v. Smartbargains, Inc.*, 2008 UT 55, ¶ 13, 192 P.3d 858).

[35] *See supra* Point I(C)(2), incorporated herein by reference.

[36] *Purac America Inc. v. Birko Corp.*, No. 14-CV-01669-RBJ, 2015 WL 1598065, at *6 (D. Colo. Apr. 8, 2015) (quoting *Dawson v. Litton Loan Servicing*, LP, No. 12–CV–01334–CMA–KMT, 2013 WL 1283848, at *8 (D. Colo. Mar. 28, 2013) (alterations in original)).

where, as here, "fraudulent misrepresentation is the lynchpin" of a tortious interference claim, Rule 9(b) applies.[37]

In *Purac America Inc. v. Birko Corp.*, plaintiff alleged that defendant interfered with plaintiff's customer relationships by allegedly misrepresenting that it "was legally entitled to sell" plaintiff's products and that "certain large players in the [market] ha[d] switched to [defendant] when in fact they ha[d] not."[38]  Upon a motion to dismiss, the Court concluded: "[Plaintiff's] theory is that [defendant] induced [plaintiff's] customers to end their relationships with [plaintiff] by making false statements to the customers.  Thus, in alleging this inducement, [plaintiff] must satisfy the requirements of Rule 9(b)."[39]

Here, SSI premises its tortious interference claim on allegations that Defendants "using improper means, have intentionally induced SSI customers, and customers of the Class Members, to breach their contracts with SSI and the Class Members by engaging in the conduct and making the misrepresentations alleged above."[40]  As in *Birko*, because "[SSI's] theory is that [defendants] induced [SSI's] customers to end their relationships with [SSI] by making false statements to the customers. . . .  in alleging this inducement, [SSI] must satisfy the requirements of Rule 9(b)."[41]

Here, without the level of detail required by Rule 9(b), Defendants are left guessing as to SSI's allegations and potential damages claim.  SSI's Third Cause of Action should be dismissed

---

[37] *Id.* at *6 (quoting *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 14 (1st Cir. 2009)).
[38] *Id.* at * 2.
[39] *Id*. at * 6 (internal citations omitted).
[40] Complaint at ¶ 50.
[41] *Birko*, 2015 WL 1598065 at * 2.

because SSI fails to allege with specificity the who, what, when, where, and how regarding its allegations of misrepresentations made by Defendants.[42]

### 5. SSI's Fourth Cause of Action for Injurious Falsehood and Fifth Cause of Action for Slander Should Be Dismissed for Failure to Meet the Pleading Standards of Rule 9(b).

The Court should also dismiss SSI's Fourth Cause of Action for commercial disparagement[43] and Fifth Cause of Action for Slander given that the crux of these claims is a misrepresentation claim and SSI fails to satisfy the requirements of Rule 9(b) in pleading those claims.  Many courts have dismissed these types of claims that do not stand up to the Rule 9(b) particularity standard.[44]  This includes defamation claims—which are identical to the slander claims brought by defendants here.[45]  For the injurious falsehood/commercial disparagement

---

[42] *See supra* Point I(C)(2).

[43] Although SSI refers to this claim as a claim for injurious falsehood as well, Defendants will refer to this claim as one for commercial disparagement because "business disparagement and trade libel/injurious falsehood . . . are merely different names for a single tort."  *Farm Bureau Life Ins. Co. v. Am. Nat. Ins. Co.*, 505 F. Supp. 2d 1178, 1191 (D. Utah 2007).

[44] *See, e.g.*, *Vazirani v. Heitz*, No. CIV.A. 09-1311-MLB, 2011 WL 915377, at *4 (D. Kan. Mar. 15, 2011) ("Defendants contend that plaintiffs' claims of defamation and trade libel must be dismissed because they have failed to allege the facts surrounding the alleged statements. . . .  Plaintiffs' allegations concerning defamation and trade libel are nothing more than conclusory allegations that are insufficient to raise a right to relief.  There is no allegation of the substance of any statement made by defendants.  Further, there is no allegation that any statement was published to a third party.  Plaintiffs' claims must therefore be dismissed."); *G.U.E. Tech, LLC v. Panasonic Avionics Corp.*, No. SACV1500789CJCDFMX, 2015 WL 12696203, at *4 (C.D. Cal. Sept 15, 2015) ("And although courts do not always explicitly hold that trade libel claims are subject to Rule 9(b)'s particularity requirements, most courts apply some sort of heightened pleading standard to trade libel claims.  [collecting cases].").

[45] *See, e.g.*, *Rowe v. DPI Specialty Foods, Inc.*, Case No. 2:13-cv-00708-DN-DJF, 2015 WL 13047675, *3–*4 (D. Utah August 20, 2015) ("In many cases, courts have found allegations to be 'insufficient when [they do] not state 'the nature or substance of the acts allegedly committed by defendants,'' or where they 'contained merely broad and general statements . . . but . . . 'no allegation whatever of the contents, nature or substance' of any such false statements.'  In short, 'the allegation of the conclusion is not sufficient; the pleading must describe the nature of the substance of the . . . words complained of' in 'words

claim, it is logical to apply Rule 9(b) when in Utah a plaintiff "must prove (a) falsity of the statement made, (b) malice by the party making the statement, and (c) special damages."[46]  And given that the Tenth Circuit treats commercial disparagement claims similarly to defamation claims,[47] it is consistent to hold that Rule 9(b) applies equally to those claims.

As with its other claims, SSI's Fourth and Fifth Causes of Action fail to identify with any level of particularity the who, what, when, where, or how of the alleged misrepresentations.[48] On the same grounds as these other claims, the Court should dismiss SSI's Fourth and Fifth Cause of Actions.

---

or words to that effect,' and although 'there is no Utah law directly requiring that the complaint also allege with complete specificity when, where, to whom, or by whom, the alleged defamatory statements were made,' other courts have generally required these elements.  This specificity requirement is not a Utah construct:  federal courts have consistently interpreted Fed. R. Civ. P. 8(a) as requiring that defamation claims be pleaded with particularity to provide a defendant with fair notice."); *Serrano*, 2013 WL 183722 at *4 ("Plaintiff has not adequately alleged a fraud or defamation claim against defendants. The amended complaint states when certain actions allegedly occurred, but it does not contain any allegations describing any specific statements made by any defendant. Plaintiff may not satisfy the particularity requirement of Rule 9(b) by generally alleging that "defendants" made certain unidentified false statements, and she has not stated a fraud or defamation claim against defendants."); *Boisjoly v. Morton Thiokol, Inc.*, 706 F. Supp. 795, 799–800 (D. Utah 1988) ("The Court holds that the conclusory allegations in paragraph seventy-one do not meet the particularity requirements with which a defamation claim must be alleged. Utah law requires that a claim must identify the defamatory statement either by its "words or words to that effect;" general conclusory statements are inadequate.  Although there is no Utah law directly on point, courts have generally required the complaint to also allege when, where, and to whom the alleged defamatory statement was made.  The purpose of the particularity requirement in pleading defamation is to allow the court to decide if the statement is defamatory and to formulate a defense.").

[46] *Farm Bureau Life Ins. Co.*, 505 F. Supp. 2d at 1191 (quoting *Direct Import Buyers Ass'n v. KSL, Inc.*, 538 P.2d 1040, 1042 (Utah 1975)).

[47] *See, e.g. Yousuf v. Cohlmia*, 718 F. Supp. 2d 1279, 1286 (N.D. Okla. 2010), *aff'd*, 741 F.3d 31 (10th Cir. 2014) ("As explained in *Forbes, Inc. v. Granada Biosciences, Inc.*, 123 S.W.3d 167 (Tex. 2003), '[a] business disparagement claim is similar in many respects to a defamation action'; they differ 'in that defamation actions chiefly serve to protect the personal reputation of an injured party, while a business disparagement claim protects economic interests.'").

[48] *See supra* Point I(A)(ii), incorporated herein by reference.

## **CONCLUSION**

Based on the foregoing, the Court should enter an order dismissing SSI's Complaint.

DATED this 5th day of October, 2018.

MARSHALL OLSON & HULL, P.C.

By:    /s/ Jason R. Hull
       ERIK A. OLSON
       JASON R. HULL

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2018, a true and correct copy of the

foregoing **DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS** was served by the

method indicated below, to the following:

Jon V. Harper
Denise Dalton
Harper Law, PLC
P.O. Box 581468
Salt Lake City, Utah 84159
jharper@jonharperlaw.com
ddalton@jonharperlaw.com

(X)   Electronic CM/ECF Notification
(  )   U.S. Mail, Postage Prepaid
(  )   Hand Delivered
(  )   Overnight Mail
(  )   Facsimile

Joseph Lipari
The Sultzer Law Group P.C.
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
selter@thesultzerlawgroup.com

(X)   Electronic CM/ECF Notification
(  )   U.S. Mail, Postage Prepaid
(  )   Hand Delivered
(  )   Overnight Mail
(  )   Facsimile

/s/ Kevin M. Paulsen