ERIK A. OLSON [8479]
EOLSON@MOHTRIAL.COM
JASON R. HULL [11202]
JHULL@MOHTRIAL.COM
**MARSHALL OLSON & HULL**
NEWHOUSE BUILDING
TEN EXCHANGE PLACE, SUITE 350
SALT LAKE CITY, UTAH 84111
TELEPHONE: 801.456.7655
FAX: 801.456.7656

ATTORNEYS FOR DEFENDANTS

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| SECURITY SYSTEMS, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALDER HOLDINGS, LLC, and ALARM PROTECTION TECHNOLOGY, LLC,<br><br>Defendants. | **DEFENDANTS' MOTION TO DISMISS AND STRIKE DAMAGES CLASS ACTION ALLEGATIONS**<br><br><br>Case No. 2:18-cv-00664 (CW) |

   Pursuant to Rules 12(b)(6) and 23 of the Federal Rules of Civil Procedure and DUCivR 7-1(a), defendants Alder Holdings, LLC and Alarm Protection Technology, LLC (collectively, "Defendants") hereby move to dismiss and strike the damages class action allegations of the complaint (the "Allegations"), which were filed by plaintiff Security Systems, Inc. ("SSI") and submit the following memorandum of points and authorities in support of their motion.

# RELIEF SOUGHT AND SPECIFIC GROUNDS FOR RELIEF

Pursuant to Rules 12(b)(6) and 23 of the Federal Rules of Civil Procedure, Defendants request that the Court enter an order dismissing and striking the Allegations. The Allegations, on their face, fail to satisfy the requirements of Rule 23(b)(3), which is the sole basis for plaintiff's claim for a class action seeking damages. Specifically, the Allegations show that individual issues of fact and law of potential class members predominate over common issues of fact and law, and alternative methods of litigating the alleged issues are superior to a class action. Based on plaintiff's failure to allege facts showing both requirements of Rule 23(b)(3), the Court should dismiss the claim for a class action seeking damages in this matter.

# STATEMENT OF FACTS

## *Class Action Allegations*

1. SSI alleges that there are more than 100 Class Members. Complaint at ¶ 6 (Dkt. 2).

2. SSI alleges that the Class is entitled to over $5,000,000 in damages. *Id.*

3. As part of its proposed class seeking damages, SSI relies solely on allegations under Rule 23(b)(3) to satisfy the requirement of Rule 23(b). *Id.* at ¶¶ 20(e), 21, 22.

4. SSI alleges that Defendants had engaged in wrongful acts in at least eight states only as to SSI customers. *Id.* at ¶ 11.

5. Specifically, SSI has alleged that Defendants, through their "principals, officers, employees, agents, and representatives" made varied misrepresentations to SSI customers and customers of other potential class members throughout the United States, including representations that "SSI has gone out of business," "SSI assigned SSI customer accounts to

[Defendants]," "SSI could not adequately monitor the customer's alarm," "SSI no longer services the area in which the customer lives." *Id.* at ¶¶ 4, 12, 42–44.

6. SSI alleges that it brought this action "on behalf of itself and similarly situated security alarm installation and monitoring businesses throughout the United States." *Id.* at ¶ 18.

7. SSI alleges that "Defendants have used identical techniques to initiate takeovers of customer accounts from numerous other security alarm and monitoring businesses throughout the United States." *Id.*

8. As the sole basis for a class action seeking damages, SSI alleges that "[p]ursuant to Rule 23(b)(3), common issues of law and fact identified above predominate over any other question affecting only individual members of the Class," explaining that "Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary, all that is required is a narrow focus on Defendants' deceptive and misleading customer poaching practices." *Id.* at ¶ 21.

9. SSI alleges that a class action is superior to alternative forms of adjudicating this controversy because, among other reasons, joinder of hundreds of defendants is impractical and would be unduly burdensome, the individual claims of the Class Members may be relatively modest, and SSI knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. *Id.*

10. As the "First Cause of Action," the complaint includes a claim for "Violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. Ann. § 42-110a *et seq.*" (the "CUTPA"). *Id.* at ¶¶ 26-40.

11. As the "Second Claim for Relief," the complaint includes a claim for "Unfair Competition—Utah Common Law". *Id.* at ¶¶ 41-46.

12. As the "Third Claim for Relief," the complaint includes a claim for "Intentional Interference with Economic Relations." *Id.* at ¶¶ 47–52.

13. As the "Fourth Claim for Relief," the complaint includes a claim for "Injurious Falsehood." *Id.* at ¶¶ 53–59.

14. As the "Fifth Cause of Action," the complaint includes a claim for "Slander." *Id.* at ¶¶ 60–65.

15. As the "Sixth Cause of Action," the complaint includes a claim for "Unjust Enrichment." *Id.* at ¶¶ 66–72.

16. Each of the causes of action were filed on behalf of plaintiff and the class. *See generally* Complaint.

17. SSI alleges that another security alarm monitoring company has already brought a successful lawsuit against Defendants. *Id.* at ¶ 14.

## ARGUMENT

### I. THE COURT SHOULD DISMISS AND STRIKE THE ALLEGATIONS.

The Court should dismiss the sought-after class action seeking damages and strike the Allegations because plaintiff does not satisfy the requirements of Rule 23. Specifically, from the face of the Complaint, it is plain that plaintiff has failed to plead facts demonstrating the necessary elements under Rule 23(b)(3).

The United States Supreme Court has held that "[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). Courts are authorized "to direct plaintiffs to strip all class allegations from the complaint only when the Court has determined that the claims cannot

proceed as class claims." *Anderson Living Tr. v. WPX Energy Prod., LLC*, No. CIV 12-0040 JB/KBM, 2016 WL 5376325, at *11 (D. N.M. Aug. 27, 2016). In speaking about pleading requirements for class action lawsuits, the Supreme Court explained that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Based on this law, the Tenth Circuit and Tenth Circuit district courts have dismissed and stricken class action allegations where a review of the pleadings clearly shows that requirements of Rule 23 are not satisfied, even before deciding on a motion for class certification. *See, e.g.*, *Baum v. Great W. Cities, Inc. of New Mexico*, 703 F.2d 1197 ("We hold that the district court did not err in granting Great Western's motion to dismiss the alleged class action and to strike the class action allegations of the complaint."); *Meier v. Chesapeake Operating L.L.C.*, No. CIV-17-703-F, 2018 WL 3862326, at *10 (W.D. Okla. Aug. 13, 2018) ("Nonetheless, the court may rule on motions pursuant to Rule 12, such as the ones before it, before deciding on class certification."); *Deakin v. Magellan Health, Inc.*, No. 17-CV-0773-WJ-KK, 2018 WL 3068058, at *3 (D.N.M. June 21, 2018) ("[D]istrict courts in this Circuit and others have determined that when applying the standards for a Rule 12(b)(6) motion to a collective action claim under the FLSA, a court may grant a motion to dismiss prior to ruling on class certification when the complaint has not presented a plausible claim for relief."); *Hull v. Viega, Inc.*, No. 12-2086-JAR-DJW, 2013 WL 759376, at *3 (D. Kan. Feb. 27, 2013) ("Significantly, several courts have recently stricken class allegations on the pleadings in putative nationwide consumer class action cases where, as alleged in this case, manageability, choice of law, and acertainability [sic] issues would prevent certification.") (collecting cases). The Tenth Circuit has recognized that "[a]lthough the party seeking to certify a class bears the

burden of proving that all the requirements of Rule 23 are met, the district court must engage in its own 'rigorous analysis' of whether" Rule 23 has been satisfied. *Shook v. El Paso Cty.*, 386 F.3d 963, 968 (10th Cir. 2004) (internal citations omitted). Under these standards, SSI failed to plead the Allegations as required by Rule 23,[1] and they should thus be dismissed and stricken from the complaint.

### A. SSI FAILED TO SUFFICIENTLY PLEAD THE ALLEGATIONS AS REQUIRED BY RULE 26(b)(3).

The Court should dismiss the damages class action and strike the Allegations because SSI failed to sufficiently plead the Allegations as required by Rule 26(b). As set forth in the Complaint, the only section relied on for SSI's class action seeking damages is Rule 26(b)(3). SOF 3. Under Rule 23 of the Federal Rules of Civil Procedure, "[a] class action may be maintained if Rule 23(a) is satisfied and if: . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. Rule 23(b)(3). SSI has failed to show that the questions of law or fact common to potential class members predominates over questions affecting only individual members and that a class action is a superior means of adjudicating the alleged controversy. A failure of either requirement demands that the Court strike SSI's Allegations and dismiss the request for a class action seeking damages.

---

[1] Although Defendants only address SSI's failure to properly plead the Allegations pursuant to Rule 23(b)(3), Defendants believe that a class action is not proper for other reasons, which will be raised at a proper time in these proceedings if necessary.

1. **Questions of Fact or Law Affecting Individual Members Predominate Over Questions of Fact or Law Common to All Potential Members.**

The Allegations fail on their face because they show that questions of fact or law affecting individual members predominate over questions of fact or law common to all potential class members. In explaining the predominance requirement of Rule 23(b)(3), the Tenth Circuit has explained that "[t]his predomination requirement makes sense in a Rule 23(b)(3) context because these cases generally involved highly individualized claims or require an individualized plaintiff-by-plaintiff determination of monetary damages." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1298 (10th Cir. 1999). This test "is not a numerical test and does not require the court to add up the common issues and the individual issues and determine which is greater." *United Food & Commercial Workers Union v. Chesapeake Energy Corp.*, 281 F.R.D. 641, 655 (W.D. Okla. 2012) (internal citations omitted). "Instead, the Court 'must determine whether the members of the class seek a remedy to a common legal grievance and whether the common questions of law and fact central to the litigation are common to all class members." *Id.* (internal citations omitted). "Class wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject to only individualized proof." *Id.*; *see also Baum*, 703 F.2d at 1210 (Upholding district court's order granting motion to dismiss the alleged class action and to strike the class action allegations from the complaint because "[w]hile it appears that the central question of what was represented to purchasers of subleasehold interests at Cohiti Lake may be the common issue that could well be determined in the context of a class action, it is not at all evident that that general common issue would predominate over the potentially vexing individual issues of reliance and the various statutes of limitations. Because there are substantial doubts as to whether plaintiffs

will be able to satisfy the 'predominance' requirement even after extensive discovery on the class action issue, the risk of unfair expense to both defendants and the named individual plaintiffs should it be determined that the suit cannot proceed as a class action is another factor weighing against a finding that the class action is 'superior' to the proposed arbitration program."). "Claims alleging misrepresentations contained in 'written documents addressed to the class as a whole <u>rather than an individualized sales pitch</u>' are likely to predominate over individual issues." *Id.* at 656 (internal citations omitted) (emphasis supplied). Relatedly "although having some common core, a fraud case may be unsuited for treatment as a class action if there was material variation in the representations made or in the kinds or degrees of reliance by the persons to whom they were addressed." *Edgington v. R.G. Dickinson & Co.*, 139 F.R.D. 183, 191 (D. Kan. 1991).

Here, as extensively discussed in Defendants' Rule 12(b)(6) motion to dismiss filed herewith, SSI's complaint is based almost exclusively on alleged misrepresentations made to customers. Indeed, a close examination of the complaint shows that the alleged misrepresentations were individualized sales pitches by different sales representatives throughout the United States to various different customers of SSI and potential class members. Statement of Fact ("SOF") 5. The individual questions pertaining to each potential member thus predominate over common questions of fact or law because the Court will be required to assess what statements were made to whom by whom, and to what extent each customer relied on each statement. This is not an example of a uniform advertisement that was proliferated to each alleged customer. Accordingly, a class action is inappropriate here.

It is also important to note that, "[i]n a multi-state class action suit, determining which state's or states' substantive laws will apply to putative class members' claims, as a practical

matter, can be the determinative issue for purposes of predominance analysis." *Woodard v. Fid. Nat. Title Ins. Co.*, No. CIV 06-1170 RB/WDS, 2008 WL 5737364, at *3 (D.N.M. Dec. 8, 2008). Applying this principle, the District of Colorado held in *Morris v. Davita Healthcare Partners, Inc.* that allegations of a class action did not satisfy Rule 23(b)(3). 308 F.R.D. 360, 379 (D. Colo. 2015). In *Morris*, the plaintiff had, in addition to other claims, brought claims under the Colorado Consumer Protection Act; however, the court recognized that "the relevant law of each plaintiff's home state governs any consumer protection claim he or she might bring." *Id.* at 377. The court continued on to explain that "the parties would be forced to sort out the putative class members' claims under dozens of state consumer protection laws, which vary widely." *Id.* The court also recognized that "at least portions of plaintiffs' alleged consumer protection claims would require a consideration of individualized proof." *Id.* In sum, the court held that the plaintiffs' class action claims did not satisfy Rule 23(b)(3) because "plaintiffs' claims require[d] the application of dozens of states' negligence, fraud, and consumer protection laws and involve[d] a host of issue necessitating individualized proof." *Id.* at 379.

As in *Morris*, the Allegations do not satisfy Rule 23(b)(3) because SSI has brought claims on behalf of the purported class that will require the application of dozens of states' laws, including, like the complaint in *Morris*, consumer protection and fraud laws. SOF 4, 6, 8, 10–16. The Allegations should be dismissed and stricken.

### 2. A Class Action Lawsuit Is Not Superior to Other Means of Resolving The Purported Dispute.

The Allegations should be dismissed and stricken because SSI's proposed class action lawsuit is not a superior method for resolving the purported dispute at issue. "The Tenth Circuit has noted that 'class treatment is superior [when] it will achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing

procedural fairness or bringing about other undesirable results.'" *Morris*, 308 F.R.D. at 375 (quoting *CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1096 (10th Cir. 2014)). "Superiority is determined by comparing the efficiency and fairness of all available methods of adjudicating the matter." *Porcell v. Lincoln Wood Prod., Inc.*, 713 F. Supp. 2d 1305, 1325 (D.N.M. 2010) (internal citations omitted). "Under the superiority test of Rule 23(b)(3), <u>a class action must be better than, not merely as good as, other methods of</u> adjudication." *Id.* (internal citations omitted) (emphasis supplied). "Predominance and superiority are closely related: the number of individualized issues affects the manageability of a class action." *Id.*

In *Porcell*, the District Court of New Mexico held that a class action was not a superior method of resolving class members' claims where the court would be required to apply the law of multiple jurisdictions on claims brought by the class. *Id.* There, the court had determined that based on the class's allegations of breach of warranty and unfair trade practices, it would have to apply "the law of nine jurisdictions to the breach of warranty claims and the law of eight jurisdictions to the unfair trade practices acts/consumer protection statutes claims." *Id.* The court explained that "difficulty in applying the law of multiple states renders the single, multi-state class action proposed by Porcell less manageable than separate class actions brought in class members' home states where courts will be more familiar with the nuances of the home state's law." *Id.* It also explained that "[t]he predominance of individual questions of fact also weighs against a finding that a class action is a superior method of resolving class member's claims." *Id.*

As demonstrated above, in *Morris*, the court similarly held that Rule 23(b)(3) was not satisfied where the court was forced to apply the law of several jurisdictions in various claims, including claims of fraud and violation of state consumer protection laws. The *Morris* court

explained that given those circumstances, "class treatment in [that] case [would] not achieve economies of time, effort, and expense, and a class action is therefore not a superior method for resolving [that] dispute." *Morris*, 308 F.R.D. at 379.

As in *Porcell* and *Morris*, a class action is not a superior method to adjudicate the alleged claims against Defendants. First, as in *Porcell* and *Morris*, the Allegations do not satisfy Rule 23(b)(3) because SSI has brought claims on behalf of the purported class that will require the application of dozens of states' laws, including, like the complaint in *Porcell* and *Morris*, consumer protection laws. SOF 4, 6, 8, 10–16. Moreover, as in *Porcell* and *Morris*, the questions of law and fact of individual potential members predominate the common questions of law and fact for all potential members. *See* Point I(A)(1), above. For this reason, the Court should grant Defendants' motion.

Another noted example of when a class action "is a superior method of adjudicating" a case is when class members "to date have shown no interest in controlling the litigation of separate actions and because no other litigation regarding this controversy has been commenced." *Pliego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D. 117, 127 (D. Colo. 2016). That, by SSI's own admission, is not the case here. In SSI's complaint, it alleges that a security alarm monitoring company, which would be eligible for SSI's proposed class, already brought a separate action against Defendants and litigated that case to an end. SOF 17. That in and of itself shows that a class action is not the superior method for adjudicating this matter.

## **CONCLUSION**

Based on the foregoing, the Court should enter an order dismissing and striking the request for a class action seeking damages.

DATED this 5th day of October, 2018.

        **MARSHALL OLSON & HULL, P.C.**

        By: /s/ Jason R. Hull
           ERIK A. OLSON
           JASON R. HULL

        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2018, a true and correct copy of the foregoing **DEFENDANT'S MOTION TO DISMISS AND STRIKE DAMAGES CLASS ACTION ALLEGATIONS** was served by the method indicated below, to the following:

| | |
|---|---|
| Jon V. Harper<br>Denise Dalton<br>Harper Law, PLC<br>P.O. Box 581468<br>Salt Lake City, Utah 84159<br>jharper@jonharperlaw.com<br>ddalton@jonharperlaw.com | (X) Electronic CM/ECF Notification<br>( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |
| Joseph Lipari<br>The Sultzer Law Group P.C.<br>85 Civic Center Plaza, Suite 104<br>Poughkeepsie, NY 12601<br>selter@thesultzerlawgroup.com | (X) Electronic CM/ECF Notification<br>( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile |

/s/ Jason R. Hull