IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITY SYSTEMS, INC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALDER HOLDINGS, LLC, and ALARM PROTECTION TECHNOLOGY, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND**<br><br>Case No. 2:18-cv-00664<br><br>Judge Clark Waddoups |

Before the court is Plaintiff's Motion for Leave to File Amended Complaint. (ECF No. 26.) As explained below, the court GRANTS the Motion in part and DENIES it in part.

Background

On August 24, 2018, Plaintiff Security Systems, Inc. filed its first Complaint "on behalf of itself and similarly situated security alarm installation and monitoring businesses throughout the United States." (Compl. ¶ 18, ECF No. 2 at 5.) In that Complaint, Plaintiff Security Systems Inc. alleged that Defendant Alarm Protection Technology had "poach[ed]" Security Systems Inc.'s customers by both offering to pay those "customers to breach their contracts with" Security Systems and by falsely representing to those customers that (i) Security Systems had gone out of business; (ii) Security Systems had assigned customer accounts to Alarm Protection; (iii) Security Systems could not adequately monitor the customer's alarm; and (iv) Security Systems no longer serviced the area in which the customers lived. (Compl. ¶¶ 10, 18, ECF No. 2 at 3–4.)

Plaintiff brought six causes of action in its original Complaint: (1) violation of the Connecticut Unfair Trade Practices Act; (2) "Unfair Competition—Utah Common Law;" (3) "Intentional Interference with Economic Relations;" (4) "Injurious Falsehood;" (5) "Slander;" and (6) "Unjust Enrichment." (Compl. ¶¶ 26–72; ECF No. 2 at 10–16.)

On October 3, 2019, the court entered an Order granting in part and denying in part Defendants' Rule 12(b)(6) Motion to Dismiss and Granting Defendants Motion to Strike Damages Class Action Allegations. (*See* ECF No. 25 at 1.)

The court dismissed Plaintiff Security Systems Inc.'s first claim "under the Connecticut Unfair Trade Practices Act for failure to state a claim upon which relief can be granted because the allegations are not 'tied to a form of trade or commerce intimately associated with Connecticut,' and/or because Connecticut law does not apply under Utah choice of law principles." (ECF No. 25 at 7–8.) The court also dismissed "count six of the Complaint for failure to state a claim for relief for unjust enrichment." (ECF No. 25 at 10.) The court also held that Plaintiff's second, third, fourth, and fifth causes of action "all 'sound in fraud,' and [were] not adequately pled with particularity under Federal Rule of Civil Procedure 9(b)." (ECF No. 25 at 10–11.) The court granted plaintiff leave to file "a motion to amend the Complaint to plead with particularity its claims for unfair competition, intentional interference with economic relations, injurious falsehood, and slander." (ECF No. 25 at 13.) The court also provided that "[i]f plaintiff fails to plead these claims with particularity, the court will consider a properly filed opposition memorandum by defendants alleging futility." (ECF No. 25 at 13.)

On November 4, 2019, Plaintiff Security Systems Inc. filed its Motion for Leave to File an Amended Complaint. (ECF No. 26 at 1.) Plaintiff attached its proposed First Amended Class

Action Complaint to its Motion. (*See* ECF No. 26-1.) Plaintiff added three named Plaintiffs to its Amended Complaint (FAC) that were not previously named in the original Complaint—(1) National Protective Services, Inc.; (2) Safe Home Security, Inc.; and (3) Safe Home Monitoring, Inc. (*Compare* FAC ¶¶ 2–4, ECF No. 26-1 at 2–3 *with Compl.* ¶¶ 1–3.)

Plaintiff also dropped its claim for violations of the Connecticut Unfair Trade Practices Act and dropped its claim for Unjust Enrichment. (*Compare* FAC ¶¶ 52–90, ECF No. 26-1 at 16–21 *with Compl.* ¶¶ 26–72, ECF No. 2 at 10–16.) Plaintiff also added a claim for "Violation of the Lanham Act, 15 U.S.C. § 1125, et seq." (*Compare* FAC ¶¶ 52–65, ECF No. 26-1 at 16–18 *with Compl.* ¶¶ 26–72, ECF No. 2 at 10–16.) Plaintiff also amended its third cause of action from "Intentional Interference with Economic Relations," to "Intentional Interference with Contract." (*Compare* FAC ¶¶ 47–52, ECF No. 26-1 at 13 *with Compl.* ¶¶ 47–52, ECF No. 2 at 13.)

On November 18, 2019, Defendants filed their Opposition to Plaintiff's Motion to Amend. (ECF No. 27.) Defendants argued that Plaintiff is not entitled to leave to file its proposed amendment because the amendment is unduly delayed and because the amendment is futile. (ECF No. 27 at 2.)

Defendants argued that Plaintiff unduly delayed in filing its Amended Complaint because it "offer[ed] no explanation for not including the parties, claims, and allegations that it now seeks to add when it filed its original complaint . . . ." (ECF No. 27 at 10.) Defendants appear to argue that Plaintiff was in possession of the information it used to update its Amended Complaint at the time it filed its Original Complaint. (*See* ECF No. 27 at 10–11.) Defendants also argued that a contradiction between David Roman's (a principal of Plaintiff Security Systems, Inc.) previously submitted affidavit and Plaintiff's Amended Complaint demonstrates that Plaintiff "had the

information they needed to be able to raise the claims they are seeking to add in the amended complaint . . . ." (*See* ECF No. 27 at 11 n. 4.)

Defendants also argued that "Plaintiff's proposed amendment is futile" for four reasons. (*See* ECF No. 27 at 2.) Defendants argued that [1] "the proposed plaintiffs lack standing to bring a claim for unfair competition under Utah law, [2] the proposed plaintiffs have not pled commercial advertisement as required under the Lanham Act, [3] the proposed plaintiffs' fraud-based allegations are still not sufficiently pled under Rule 9(b), and [4] proposed plaintiffs Safe Home Security, Inc. . . . and National Protective Services, Inc. . . . have not sufficiently pled claims for injurious falsehood or slander." (ECF No. 27 at 2–3.)

On December 2, 2019, Plaintiff filed its Reply. Plaintiff argued that its proposed amendment was timely. Plaintiff directly addressed Defendants' argument regarding David Roman's affidavit. Plaintiff provided: "Upon further investigating and reviewing its records Plaintiff became aware that a number of victims of Defendant's scheme were in fact customers of affiliated alarm companies, and thus Plaintiff has requested leave to amend the complaint to add those companies as Plaintiffs." (ECF No. 28 at 13.) Plaintiff also acknowledged that Defendant had "suggest[ed] that Plaintiff somehow defied the Court's order by adding . . . claims to the original complaint." (ECF No. 28 at 15.) Plaintiff argued that it was merely seeking leave to amend the Complaint, and argued that "[t]he burden is on Defendant to demonstrate that Plaintiffs' amendment would be futile, which it has not done." (ECF No. 28 at 15.) But nowhere in Plaintiff's Reply did it address Defendants' *untimeliness* argument that Plaintiff "had the information necessary to bring the newly raised claims against Alder over a year ago." (*Compare* ECF No. 27 at 11 *with* ECF No. 28.)

<u>Rule 15</u>

Relevant here, Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

<u>Analysis</u>

As an initial matter, the court notes that it previously recognized that Plaintiff's second, third, fourth, and fifth claims "all 'sound in fraud' and [were] not adequately pled with particularity under Federal Rule of Civil Procedure 9(b)." (ECF No. 25 at 10–11.) The court granted Plaintiff "leave to file . . . a motion to amend the Complaint to plead with particularity its claims for unfair competition, intentional interference with economic relations, injurious falsehood, and slander." (ECF No. 25 at 13.) The court provided that if "plaintiff fails to plead these claims with particularity, the court will consider a properly filed opposition memorandum by defendants alleging futility." (ECF No. 25 at 13.)

When the court granted Plaintiff leave to file a motion to amend its Complaint, the court understood that Plaintiff would include information in the Amended Complaint that it had not previously included. The court therefore rejects Defendants' undue delay arguments that relate to Plaintiff's claims sounding in fraud—Plaintiff's second, third, fourth, and fifth claims.

But in the court's previous Order, the court did not contemplate that Plaintiff would add additional named plaintiffs. Nor did the court consider that Plaintiff would add an additional claim (the Lanham Act cause of action). The court will therefore consider Defendants' timeliness challenges to these additions of the Amended Complaint.

The court considers Defendants' (I) timeliness challenge and (II) futility challenges.

5

I.      Undue Delay Challenges

A motion to amend a complaint filed under rule 15 "may be denied on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Makeen Inv. Grp., LLC v. Colorado*, No. 19- 1271, 2020 WL 5105673, at *4 (10th Cir. Aug. 31, 2020) (quoting *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005)). "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Duncan*, 397 F.3d at 1315. Indeed, "'prejudice to the opposing party need not be shown.'" *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) (citations omitted). The Tenth Circuit focuses "'primarily on the reasons for the delay,' and" has "'held that denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay.'" *Makeen*, 2020 WL 5105673, at *4 (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

The court addresses Defendants' timeliness challenges to (A) Plaintiff's additional named Plaintiffs and (B) Plaintiff's Lanham Act claim.

A.   Additional Named Plaintiffs

As discussed above, Defendants argued that Plaintiffs unduly delayed in seeking to add additional named plaintiffs. (*See* ECF No. 27 at 11 ("plaintiff has offered no explanation as to why its sister entities were not originally included in the original Complaint . . . .").) When Plaintiff submitted its Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss, Plaintiff submitted an affidavit of David Roman as an attachment to that Motion. (ECF No. 17-1 at 2.) Mr. Roman, "a principal of Security Systems, Inc.," submitted the affidavit "under penalty of

perjury . . . ." (ECF No. 17-1 at 2.) In this affidavit, Mr. Roman identified certain customers that

Plaintiff believes Defendants poached. Three customers are relevant here.

First, Mr. Roman provided that an Alarm Protection Technology representative

"deceptively poached" Security System customer "'GI' in Boyton Beach, Florida." (Roman

Affidavit ¶ 7, ECF No. 17-1 at 3.)

Second, Mr. Roman provided that an Alarm Protection Technology representative

"deceptively poached" Security System customer "'JM' of Columbus, Georgia." (Roman

Affidavit ¶ 7, ECF No. 17-1 at 3.)

Third, Mr. Roman provided that an Alarm Protection Technology representative visited

MT, a former Security Systems customer "from Albany, Georgia," and "uninstall[ed] the

[Security System] equipment and install[ed] [Alarm Protection] equipment in its place." (Roman

Affidavit ¶ 8, ECF No. 17-1 at 3.)

Defendants argue that these three customers that Plaintiff previously identified as

Security Systems, Inc. customers are now identified in the Amended Complaint as customers of

Safe Home Security and Safe Home Monitoring. (*See* ECF No. 27 at 11.) Regarding this

discrepancy, Defendants argue:

> This overlap evidenced in SSI's affidavit and the Amended Complaint—in
> addition to demonstrating that plaintiff (and even proposed plaintiffs) had the
> information they needed to be able to raise the claims they are seeking to add in
> the amended complaint—suggests one of two things: 1) the proposed plaintiffs
> are no more than alter egos of [Security Systems Inc.], or 2) David Roman
> provided incorrect information to the Court in order to try to overcome Alder's
> motion to dismiss. Either way, the Court should not look lightly on SSI's
> misinformation to the Court.

(ECF No. 27 at 11 n. 4.)

In response to this argument, Plaintiff provided:

> Defendant also claims a discrepancy between David Roman's Affidavit in support
> of Plaintiff's Opposition to Defendant's Motion to Dismiss (Dkt. 17, Ex. A) and
> the FAC, namely that a number of the customers that Mr. Roman identified as
> being poached by Defendant were not in fact, customers of SSI, but rather
> customers of other affiliated alarm companies who are named as Plaintiffs in the
> FAC. (Def. Mem. at 11). Defendant characterizes this inconsistency as
> "misinformation," but the very purpose of amending a complaint is to correct or
> add information and provide clarity to the allegations, which Plaintiff has done.
> Upon further investigating and reviewing its records Plaintiff became aware that a
> number of victims of Defendant's scheme were in fact customers of affiliated
> alarm companies, and thus Plaintiff has requested leave to amend the complaint to
> add those companies as Plaintiffs. Defendant has not demonstrated, as it must,
> that the new Plaintiffs' claims would be futile.

(ECF No. 28 at 13 n. 4.)

Plaintiff concedes that at least three customers that Mr. Roman previously identified—

under penalty of perjury—as Security Systems Inc. customers were not actually customers of

Security Systems Inc. Plaintiff provides that "[u]pon further investigat[ion] and review[] [of] its

records," it "became aware that a number of victims of Defendant's schemes were in fact

customers of affiliated alarm companies . . . ." (ECF No. 28 at 13 n. 4.) But it is axiomatic that

when an affiant submits an affidavit under penalty of perjury, that person has an obligation to

diligently investigate the facts that he is swearing to be true *before* submitting the affidavit—not

after. Plaintiff does not explain why Mr. Roman did not conduct the necessary investigation prior

to submitting his affidavit. Plaintiff fails to recognize the severity of Mr. Roman's oversight.

Plaintiff and Mr. Roman are both put on notice that further inaccurate sworn statements may

result in sanctions.

The question for this court is whether Plaintiff has provided an adequate explanation for

its delay in moving to add additional plaintiffs. Plaintiff Security System Inc.'s Reply makes

clear that *its* records—not Defendants' records—reveal that "a number of victims of Defendant's

scheme were . . . customers of affiliated companies . . . ." (ECF No. 28 at 13.) "Leave to amend may . . . be denied for undue delay when the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Leatherwood v. Rios*, 705 F. App'x 735, 740 (10th Cir. 2017). Because Plaintiff Security Systems Inc. "knew or should have known of the facts upon which the proposed" amendment was based but failed to include them in its original Complaint, "the motion to amend is subject to denial." *Id*. Because the only explanation that Plaintiff offers for its delay is simply that it did not review its own records closely enough, the court holds that Plaintiff has not offered an adequate explanation for its delay. Plaintiff unduly delayed in moving to add the additional plaintiffs. The court therefore strikes the additional plaintiffs from the Amended Complaint.

B. Lanham Act Claim

As discussed above, Defendants argued that Plaintiffs unduly delayed in seeking to add a claim under the Lanham Act. (*See* ECF No. 27 at 11 ("plaintiff has offered no explanation as to why . . . it now includes a Lanham Act claim.").) In Reply, Plaintiff failed to address Defendants' argument. Plaintiff therefore "offered no explanation whatsoever for [its] delay in filing the motion to amend." *C.f. Stone v. Simone*, 610 F. App'x 751, 755 (10th Cir. 2015). By offering no explanation whatsoever for its delay in seeking to add the Lanham Act claim, Plaintiff has not offered an adequate explanation for its delay.

Plaintiff unduly delayed in moving to add the Lanham Act claim. The court therefore strikes the Lanham Act claim.

II.  Futility Challenges

As discussed above, the Defendants argued that amendment is futile because (A) "the proposed plaintiffs lack standing to bring a claim for unfair competition under Utah law," (B) "the proposed plaintiffs have not pled commercial advertisement as required under the Lanham Act," (C) "the proposed plaintiffs' fraud-based allegations are still not sufficiently pled under Rule 9(b)," and (D) the "proposed plaintiffs Safe Home Security, Inc. . . . and National Protective Services Inc. . . . have not sufficiently pled claims for injurious falsehood or slander." (ECF No. 27 at 2–3.)

A.  Standing Argument Related to Unfair Competition

Defendants argue that "[i]t is well accepted that 'named plaintiffs lack standing to bring claims on behalf of a class under the laws of states where the named plaintiffs have never lived or resided.'" (ECF No. 27 at 3 (quoting *Smith v. Pizza Hut, Inc*., No. 09-CV01632-CMA-BNB, 2011 WL 2791331, at *9 (D. Colo. July 14, 2011)). Defendants' characterization of this area of law as being well settled is not accurate. *See In re: McCormick & Co., Inc.*, 217 F. Supp. 3d 124, 143 (D.D.C. 2016) ("courts have split on how to handle class actions in which named plaintiffs seek to represent classes bringing state-law claims in states where the named plaintiffs do not reside. Some courts dismiss claims under other states' laws on the ground that the named plaintiffs must have standing for every claim they raise. . . Other courts reason that once a named plaintiff has standing to raise one claim, whether he can raise related claims for the class is a Rule 23 question, so related claims under other states' laws should not be dismissed at the outset for lack of standing.").

10

The court previously provided that it would consider "a properly filed opposition memorandum by defendants alleging futility" related to Plaintiff's failure to plead with particularity its claims sounding in fraud. (*See* ECF No. 25 at 13.) Defendants' standing argument does not have anything to do with Plaintiff having failed to adequately plead its unfair competition claim with particularity.

"[I]t is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions." *Complete Merch. Sols., LLC v. Fed. Trade Comm'n*, No. 219CV00963HCNDAO, 2020 WL 4192294, at *3 (D. Utah July 21, 2020). Given the split in authority on the issue raised by Defendants, and the failure of the Defendants to address those authorities adverse to their position, the court concludes that Defendants' standing argument would be more properly addressed in the context of dispositive motions. The court declines to engage in a futility analysis on this point.

B.  <u>Lanham Act</u>

Because the court already struck Plaintiff's Lanham Act claim due to Plaintiff's undue delay, the court need not address Defendants' futility argument on this point.

C.  <u>Rule 9(b) Argument</u>

Defendants argue that the proposed amended complaint "lacks important details about the 'who' of the alleged false representations." (ECF No. 27 at 7.) Defendants argue that by only including the initials of "the customers to whom Alder allegedly made false statements," Alder has been "deprived of the opportunity to refute the proposed plaintiffs' specific claims." (ECF No. 27 at 8.) This, Defendants argue, "contravenes the intent of Rule 9(b)." (ECF No. 27 at 8.)

In response, Plaintiff argues that "the proposed FAC describes [in detail] nineteen specific instances of customer poaching by Defendants." (ECF No. 28 at 10–11.) But seven of these customers are customers of companies other than Security Systems, Inc. (*See* FAC ¶¶ 22–24; 30–31; 38–39, ECF No. 26-1 at 6–7; 9–10; 12.) As discussed above, the court already held that Plaintiff unduly delayed in seeking to add what it describes as "affiliated alarm companies." Because the court struck those proposed named plaintiffs, the court also strikes those seven customers of the affiliated customers. The court therefore only considers whether Plaintiff has satisfied Rule 9(b) for the twelve Security Systems Inc. customers.

"The purpose of Rule 9(b), . . . is 'to ensure that the complaint provides the minimum degree of detail necessary to begin a competent defense . . . .'" *Fulghum v. Embarq Corp.*, 785 F.3d 395, 416 (10th Cir. 2015).

For three of the twelve Security Systems Inc. customers, Plaintiff has provided the day, month, and year that the fraudulent statements were made and has provided the city and state of each customer's residence. (*See* FAC ¶¶ 25–26, 35; ECF No. 26-1 at 8; 11.) Plaintiff has also represented that, as a result of these false statements, these customers signed service agreements with the Defendants. (*See* FAC ¶¶ 25–26, 35; ECF No. 26-1 at 8; 11.) Regarding these three customers—"MG," "PB," and "FS"—the court finds that Defendants possess the information they need to identify the customers alleged, based on the date of the creation of new service agreements and the location. They therefore have enough information to begin a competent defense.

For five of the twelve Security Systems Inc. customers, Plaintiff has provided the month and year that the fraudulent statements were made and has provided the city and state of each

customer's residence. (*See* FAC ¶¶ 27, 32, 36–37, 40; ECF No. 26-1 at 8; 10–12.) Plaintiff has also represented that, as a result of these false statements, these customers signed service agreements with the Defendants. (*See* FAC ¶¶ 27, 32, 36–37, 40; ECF No. 26-1 at 8; 10–12.) Regarding these five customers—"GM," "SH," MA," "CG," and "RT"—the court finds that Defendants possess the information they need to identify the customers alleged, based on the creation of new service agreements and the location. Admittedly, lacking the specific day that the alleged fraudulent statements were made will make identifying the customers more difficult, but having the month and year is sufficient. They therefore have enough information to begin a competent defense.

For four of the twelve Security Systems Inc. customers, Plaintiff has provided only the year that the fraudulent statements were made—not the day or month. (*See* FAC ¶¶ 28–29, 33–34; ECF No. 26-1 at 9–10.) The court agrees with Defendants that this information alone is not enough to allow Defendants to identify the customers.

But Plaintiff has argued that it will disclose the identities of all victims to Defendants during discovery under a confidentiality order. (*See* ECF No. 28 at 12.) Based on Plaintiff's representation, the court declines to strike the four Security Systems Inc. customers found in paragraphs 28–29 and 33–34 of the Amended Complaint. The Amended Complaint, when considered as a whole, provides Defendants the minimum degree of detail necessary to begin a competent defense, and therefore complies with Rule 9(b).

D.  <u>Injurious Falsehood and Slander</u>

Defendant argues that "[t]he Court should . . . deny plaintiff's motion because proposed plaintiffs SHS and NPS have not sufficiently pled claims for injurious falsehood and slander."

13

(ECF No. 27 at 8.) The court need not rule on this argument because the court already held that Plaintiff unduly delayed in seeking to add additional plaintiffs.

<u>Conclusion</u>

For the reasons provided, the court GRANTS in part and DENIES in part Plaintiff's Motion to Amend, (ECF No. 26.) The court grants Plaintiff leave to file a Second Amended Complaint that:

I.     Strikes the additional plaintiffs that were not included in the original Complaint;

     a.   Strikes the customers of those additional plaintiffs; and

II.    Strikes the Lanham Act claim

DATED this 25th day of September, 2020.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge

14